# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY INC., | |
|     Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | |
|     Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | Adv. Pro. No. 05-3042 |
|     Plaintiff, | |
| v. | |
| N.D. HORTON, JR., AND JAMES M. REYNOLDS, III | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion for summary judgment filed by the Plaintiff and Trustee, J. Lester Alexander, III, ("Plaintiff"). (Docs. 34, 48, 49, 67). The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H).  The Court has considered the memoranda and arguments made by counsel therein.  For the reasons set forth below, the Court finds that material facts are in dispute and in view of that the Plaintiff's motion for summary judgment is DENIED.  (Doc. 34).

## I.  FACTS

The Plaintiff is seeking to avoid payments[1] made by Terry Manufacturing Company[2] ("Terry Manufacturing") to Defendant N.D. Horton, Jr., ("Horton"), in the amount of $298,396.30, and to Defendant James M. Reynolds, III, ("Reynolds"), also in the amount of $298,369.30.[3]  The crux of this Adversary Proceeding involves the purchase of Perky Cap Company ("Perky Cap") stock by Roy and Rudolph Terry, Cotina Terry (daughter of Roy Terry), and Allie R. Robinson (wife of Rudolph Terry).  At all times relevant to this proceeding, Perky Cap was a manufacturer of headwear in Eatonton, Georgia.  (Doc. 48; Horton Aff. ¶ 2).  The myriad of transactions underlying the claims asserted in this Adversary Proceeding began sometime in 1994, when Horton, who at that time along with Reynolds owned a majority of shares of Perky Cap, negotiated with the Terrys an

---

[1] In this Adversary Proceeding the Trustee asserts claims pursuant to the Georgia and Alabama fraudulent conveyance provisions, and as avoidable fraudulent conveyances and preferences pursuant to 11 U.S.C. § 548 and 11 U.S.C. § 547.  (Doc. 1).  However, the present motion for summary judgment was brought solely upon the theory of constructive fraudulent transfers and hence that is the only theory addressed by this Memorandum Decision.

[2] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003.  (Case No. 03-32063, Doc. 1).  Terry Uniform, an affiliated entity, filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1).  Joint Administration of these two cases was ordered by this Court's Order of October 3, 2003.  J. Lester Alexander, III, was appointed Chapter 11 Trustee by Order of this Court on July 10, 2003.  (Doc. 20).  The Chapter 11 cases of Terry Manufacturing and Terry Uniform were converted to cases under Chapter 7 of the United States Bankruptcy Code, by Order of the Court dated May 13, 2004. (Case No. 03-32063, Doc. 579).  J. Lester Alexander, III, was appointed Trustee of both Chapter 7 cases.

[3]  Horton and Reynolds will at times be collectively referred to as Defendants.

option agreement to purchase 30,000 shares of the outstanding common stock of Perky Cap which amounted to 33% of the outstanding shares. (Doc. 48; Horton Aff. ¶ 2). In accord with that understanding, on June 6, 1994, Roy and Rudolph Terry purchased 10,000 shares each individually, and purchased 10,000.00 shares jointly. (Doc. 48; Horton Aff. ¶ 2). On that same day, Horton and Reynolds granted the Terry family the option to purchase an additional 45,900 shares of outstanding Perk Cap common stock. (Doc. 48; Horton Aff. ¶ 2-3)

With the aforementioned purchases of stock in mind, in November 2000, the Terrys and the Defendants engaged in the following transactions which are at the heart of this Adversary Proceeding. On November 10, 2000, Allie R. Robinson purchased 9,000 shares of Perky Cap common stock. In exchange for the stock, Allie Robinson executed a promissory note payable jointly to Horton and Reynolds in the amount of $200,000.00 plus 9.5% interest. These shares represented 10% of the outstanding common stock of Perky Cap. (Docs. 34, 38; Lester Aff. ¶ 14-15; Horton Aff. ¶ 2-3).

On November 10, 2000, Cotina Terry executed a promissory note identical in form to that of the Allie Robinson note. The principal sum of the note made payable jointly to Horton and Reynolds was $200,000.00, with an interest rate of 9.5%, and was given in consideration of 9,000 shares of Perky Cap stock sold to Cotina Terry. (Docs. 34, 38; Lester Aff. ¶ 14-15; Horton Aff. ¶ 2-3). Terry Manufacturing was a guarantor on both the Cotina Terry and Allie Robinson notes. (Doc. 49; Ex.'s 6, 8).

On May 20, 2002, Roy and Rudolph Terry executed a promissory note payable to Horton and Reynolds jointly in the principal amount of $624,000.00 at an interest rate of 9.0%. In consideration of the note, Horton and Reynolds transferred to Roy and Rudolph

3

Terry jointly, 27, 900 shares of Perky Cap stock. These shares represented 31% of the outstanding common stock of that company. (Doc. 34; Lester Aff. ¶ 17). Combined with the aforementioned transfers of stock, this purchase resulted in the Terry family owning 84% of Perky Cap, with the ability to exercise full control over the company. (Docs. 34, 48; Lester Aff. ¶ 17; Horton Aff. ¶ 3).

Terry Manufacturing made payments to Horton on the Cotina Terry and Allie Robinson note in the amount of $234,375.81. Identical payments, totaling $234,375.81 were also made on these notes by Terry Manufacturing to Reynolds. Terry Manufacturing made payments totaling $127,986.98 on the Roy and Rudolph Terry notes. (Doc. 34; Lester Aff. ¶ 16). It is these payments that the Plaintiff is now seeking to avoid.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Association, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment,"the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

**B. Discussion**

The Court finds that there are material facts in dispute in this Adversary Proceeding. Central to the Plaintiff's fraudulent conveyance claims on the theory of constructive fraud is determining whether Terry Manufacturing received reasonably equivalent value in exchange for making payments on promissory notes executed by the Terrys for the purpose of purchasing Perky Cap Stock. The Plaintiff avers that Terry Manufacturing did not receive any value at all for making payments to Horton and Reynolds, much less reasonably equivalent value. (Doc. 34). The Plaintiff further asserts that Terry Manufacturing received no benefit from making the payments and that

it was not a signatory to any of the subject notes. The Defendants have put forth several ways in which they claim Terry Manufacturing received reasonably equivalent value: (1) by realizing a dollar for dollar reduction on its guaranteed obligation; (2) by receiving an indirect benefit from the business decision of the Terrys to acquire Perky Cap stock; and (3) because Terry Manufacturing and the Terrys were alter egos, a benefit to one constituted a benefit to the other. The Defendants also alternatively argue that under Alabama Code § 8-9A-8(d), Horton and Reynolds are entitled to an offset in the amount of the value of the stock given to the Terrys. The Trustee has vigorously countered each of the arguments advanced by the Defendants, however, the Court finds that at this point the necessity for a trial has been amplified. (Doc. 67).

The Court finds material facts in dispute rendering disposition by way of summary judgment inappropriate. See Taylor v. Riverside-Franklin Prop. (In re: Taylor), 228 B.R. 491, 498 (Bankr. M.D. Ga. 1998)(the court is hesitant to decide such matters at summary judgment stage because fraudulent conveyances are fact intensive by nature).

### III. CONCLUSION

For the reasons stated above, the Plaintiff's motion for summary judgment is DENIED. (Doc. 34). The Plaintiff's claims asserted in the Complaint pursuant to the Alabama and Georgia fraudulent conveyance statutes, and as avoidable fraudulent conveyances and preferences pursuant to 11 U.S.C. § 548 and 11 U.S.C. § 547, are subject to trial. The Defendants' Motion to Extend Deadline to Respond to Plaintiff's

6
Case 05-03042 Doc 69 Filed 02/17/06 Entered 02/17/06 08:36:26 Desc Main
Document Page 6 of 7

Reply Brief is DENIED as moot. (Doc. 65). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 16th day of February, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
C. Ellis Brazeal, III, Attorney for Defendants