## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>TERRY MANUFACTURING<br>COMPANY, INC.,<br><br>      Debtor. | Case No. 03-32063<br>Chapter 7 |
| J. LESTER ALEXANDER, III,<br>TRUSTEE,<br><br>      Plaintiff,<br><br>      v.<br><br>N.D. HORTON, JR., and<br>JAMES M. REYNOLDS, III,<br><br>      Defendants. | Adv. Pro. No. 05-3042 |

### MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the Motion for Allowance and Payment of Costs filed by the Trustee. (Doc. 114). Defendants N.D. Horton, Jr., and James M. Reynolds, III, filed an Objection to the Trustee's Motion. (Doc. 117). For the reasons set forth below, the Trustee's motion is GRANTED IN PART AND DENIED IN PART.

### I. FACTS

Terry Manufacturing, Inc., filed a voluntary petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in this Court on July 7, 2003. (Case No. 03-32063). The case was converted to a case under Chapter 7 on May 13, 2004. J. Lester Alexander, III, was appointed as Trustee of this bankruptcy case. On June 10, 2005, Trustee

Alexander filed this Adversary Proceeding against Defendants seeking recovery of fraudulent conveyances in the amount of $596,738.42. (Adv. Pro. 05-3042, Doc. 1). This Adversary Proceeding came before the Court for trial on March 28 and 29, 2006. After taking the matter under submission, this Court entered a Memorandum Decision and Opinion on May 30, 2006, ruling in favor of the Trustee. (Docs. 88, 89). This Court held that the payments made by Terry Manufacturing to Defendants were constructively fraudulent conveyances, and ordered Defendants to repay the $596,738.60 paid to them. (Id.). Defendants have appealed this Court's Judgment. (Case No. 06-cv-746-WHA, in the United States District Court for the Middle District of Alabama).

## II. DISCUSSION

The Trustee requests $30,845.48 in costs associated with this Adversary Proceeding. An itemization attached to the Motion reflects that these costs for the following categories of expenses: (1) fees of the clerk in the amount of $150.00; (2) fees of the court reporter for the trial transcript in the amount of $229.25; (3) conference calls for creditor depositions at $153.00; (4) deposition transcripts fees for ten creditors and other parties in the aggregate amount of $4,702.25; (5) fees of Trustee J. Lester Alexander, III, in the amount $13,071.38; (6) hotel and meal reimbursements for the Trustee's attorneys during the trial and depositions totaling $1,839.97; and (7) various document reproduction fees for the aggregate amount of $10,699.63.. The total amount of the costs claimed by the Trustee is $30,845.48.

Defendants oppose the motion for costs on several grounds. First, Defendants argue that the Trustee's attorneys may not claim costs for lodging and meals. Second,

Defendants allege that expert witness fees for the Trustee are limited to the statutory amount of $40.00 per day. Third, Defendants claim that the $10,699.63 for "Document Reproduction Costs" is too vague to be awarded. Last, Defendants argue that the motion for costs is premature, because the Adversary Proceeding is still pending on appeal.

Rule 7054 provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. . . ." Rule 7054(b), FED. R. BANKR. P. It is well established that the allowance of costs under Rule 7054 is within the discretion of the bankruptcy court. See Grynberg v. Danzig Claimants (In re Grynberg), 966 F.2d 570, 576 (10th Cir. 1992); see also, National Corporate Tax Credit, Inc., v. Franklin Arms Ct., LP (In re Franklin Arms Ct., LP), 2003 WL 1883472, at *14 (Bankr. N.D. Ill. Apr. 10, 2003) ("The Court has broad discretion to determine whether and to what extent to award costs to prevailing parties."). "There is a strong presumption favoring the award of costs to the prevailing party. . . . The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." Id.

It is also well established that 28 U.S.C. § 1920 provides the statutory authority for the allowance of taxable costs. Section 1920 lists six categories of expenses that are recoverable as taxable costs. That statute provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. A court may only award fees that are authorized by statute. See Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993). It is undisputed by Defendants that the Trustee's request for costs the clerk, court reporter fees, conference calls for creditor depositions, and deposition transcripts fees are allowable taxable costs under § 1920.

*1. Trustee's Request for Attorneys' Lodging and Meal Expenses*

The Trustee requests costs of $1,486.28 for attorney Brent Barriere and $353.69 for attorney Catherine Lasky. Catherine Lasky provides receipts for a hotel room during the trial of this Adversary Proceeding in the amount of $335.26, and a meal receipt for $18.43. Brent Barriere provides receipts for a hotel room during the trial of this Adversary Proceeding in the amount of $335.24 and a receipt for a hotel rooms on February 8 and 9, 2006 in the amount of $408.12. He also provides a receipt for $73.30 for a meal during the trial. Brent Barriere also requests an additional $669.62 reimbursement for various other expenses for which he provides no receipts and little explanation, including gasoline, food, and "client meetings."

Defendants argue that the Trustee's attorneys are not entitled to any reimbursement for meals, lodging, or gasoline, because these expenses are not allowed under § 1920. The Eleventh Circuit has determined that a court may only tax costs that are allowed by § 1920 or some other statute. See EEOC v. W&O, Inc., 213 F.3d 600, 622-23 (11th Cir. 2000) ("A court may only tax costs authorized by statute."); see also, Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1339 (M.D. Fla. 2002) (holding that other litigation expenses, including attorney travel and lodging and attorney meals are not compensable under § 1920, because these expanses are not enumerated in the statute); Bishara v. O'Callaghan (In re O'Callaghan), 304 B.R. 887, 891 (Bankr. M.D. Fla. 2003) (denying the prevailing party's motion for costs, which included the attorney's air fare and accommodations).

Likewise, this Court denies the Trustee's request for the reimbursements of lodging, meals, gasoline and various other expenses for the Trustee's attorneys. Those fees are not authorized by 28 U.S.C. § 1920, and therefore, are not taxable.

### 2. *Trustee's Request for Expert Witness Costs*

The Trustee requests costs totaling $13,071.38 for himself as an expert witness. He seeks an hourly rate of $185.00 an hour for 69.75 hours for a total request of $12,903.75. He also seeks $167.63 for lodging during the trial on this Adversary Proceeding. Defendants allege that the Trustee's fees as an "expert witness" are limited to the $40.00 a day authorized by statute.

The taxable expert witness fees specified in 28 U.S.C. § 1920(3) are defined in 28 U.S.C. § 1821, which provides as follows:

5

Case 05-03042    Doc 118    Filed 05/21/07    Entered 05/21/07 16:28:05    Desc Main
Document      Page 5 of 8

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> * * *
>
> (c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
>
> * * *
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

28 U.S.C. § 1821(b)-(d). Generally, under § 1821, witness fees are allowed in the amount of an attendance fee of $40.00 a day, the actual expenses of travel, and a subsistence allowance when an overnight stay by the witness is required. Taxable costs for witnesses are limited the amount authorized by 28 U.S.C. § 1821. See Artisan Contractors Ass'n of America, Inc. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001) ("[C]osts that may be assessed to reimburse a prevailing party for its expert witness fees are limited to the $40 limit provided for in 28 U.S.C. § 1821(b).").

Using the receipt provided by the Trustee, this Court finds that the Trustee's allowable expenses are as follows: (1) $40.00 for attending the Horton deposition on

February 8, 2006; (2) $40.00 for his deposition on February 10, 2006; (3) $40.00 for traveling to the trial on March 27, 2006; (4) $167.63 for his lodging during the trial; and (5) $40.00 for attending the trial on March 28, 2006. Therefore, the Trustee is allowed an aggregate total of $327.63.

### 3. *Trustee's Request for Document Reproduction Expenses*

The Trustee requests a total of $10,699.63, which reflects charges for Xerox copies, internal photocopy charges, and outside photocopy charges. In support of the motion, the Trustee submits a 28 page bill detailing various copy charges. The bill totals $32,098.63, but the Trustee only seeks the $10,699.63 "associated with 05-3042." Defendants argue that these costs are not allowed, because the costs are not clearly explained.

Section 1920 specifically allows for reimbursement of fees for "printing" and fees for "exemplification and copies if papers necessarily obtained for use in the case." 28 U.S.C. § 1920(3), (4). It is clear that a court may only award costs that are "adequately described and documented." Scelta, 203 F.Supp.2d at 1340. Furthermore, only the expenses of copying materials "reasonably necessary for use in the case" are recoverable. Illinois v. Sangamo Constr. Co., 657 F.2d 855, 867 (7th Cir. 1981). The Eleventh Circuit has determined that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." EEOC, 213 F.3d at 623.

Here, the analysis required by the Eleventh Circuit as to the reasonableness and necessity of the document reproduction costs is impossible, because the Trustee has only provided a 28 page bill with no explanation. It is unclear from the bill what these copies

7
Case 05-03042    Doc 118    Filed 05/21/07    Entered 05/21/07 16:28:05    Desc Main
                        Document      Page 7 of 8

were used for, and therefore, this Court cannot determine whether they were reasonably necessary for use in this Adversary Proceeding. As the Trustee has provided no explanation for the costs, this Court denies the Trustee's motion for $10, 699.63 in document reproduction fees.

### 4. *Defendants' Argument that the Motion for Costs is Premature*

Defendants' last argument is that the issue of costs is not ripe for determination, because this Adversary Proceeding is on appeal and has not been ultimately decided. Defendants ask this Court to refrain from hearing the issue of costs until the outstanding appeals are ultimately decided.

This Court finds Defendants arguments unavailing on this issue and holds that it may enter an order taxing costs even though the appeal of this Adversary Proceeding is still pending. See O'Callaghan, 304 B.R. at 889 (holding that the court could consider the prevailing party's motion for costs under Rule 7054, despite the pending appeal); see also, Plair v. E.J. Brach & Sons, Inc., 1995 WL 387789 (N.D. Ill. June 28, 1995) (noting that a district court may award costs even while a substantive appeal is pending).

## III. CONCLUSION

For the reasons set forth above, the Court finds that the Trustee's Motion for Allowance and Payment of Costs is denied in part and granted in part. Costs are taxed in the amount of $5,562.13.

Done this the 21st day of May, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge