IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.D. HORTON, JR., JAMES M. REYNOLDS, III, ) ) ) | |
| Appellants, ) ) | |
| ) | CIVIL ACTION NO. 2:06cv746-WHA |
| v. ) ) | (WO) |
| J. LESTER ALEXANDER, III, ) ) | |
| Appellee. ) | |

## **ORDER**

This cause is before the court on an appeal under 28 U.S.C. §158(a) from the Order Denying the Motion to Alter or Amend entered by the United States Bankruptcy Court for the Middle District of Alabama on July 17, 2006 and from the Judgment entered by that same court on May 30, 2006. This matter has been fully briefed, and the court heard oral argument on November 15, 2006. Subsequent to oral argument, this court certified a question to the Supreme Court of Alabama for interpretation. On July 13, 2007, the Supreme Court issued an opinion interpreting ALA. CODE §8-9A-8(d), thereby answering this court's certified question. *See Horton v. Alexander*, __ So. 2d __ , No. 1060445, 2007 WL 2019588 (Ala. July 13, 2007). For the reasons to be discussed, the bankruptcy court's Judgment is due to be REVERSED and the case is due to be REMANDED to the bankruptcy court for further proceedings consistent with that decision.

Although the appellants raised three issues on appeal, the court, after reviewing the parties' briefs, determined that only one of the issues might be meritorious. Therefore, the court focused primarily on the issue of whether the trial court erred in failing to determine that ALA. CODE §8-9A-8(d) applies in the present case and provides a complete defense or an offset to the

bankruptcy trustee's claims.

Without rehashing this entire opinion, the court will now apply the Alabama Supreme Court's interpretation of §8-9A-8(d) to the present case. The Alabama Supreme Court's full opinion is attached hereto as Appendix A. In essence, the Alabama Supreme Court rejected the trustee's argument that §8-9A-8(d) codified the "indirect benefit rule" commonly applied in other jurisdictions, because the court could not harmonize the plain meaning of the statute with such an interpretation. Accordingly, the Alabama Supreme Court held that "the phrase in § 8-9A-8(d), 'or to another person as a consequence of the debtor's making such transfers,' refers to value given by a good-faith transferee to any other person, without qualification or exception, as a consequence of the debtor's transfer." *Horton*, 2007 WL 2019588 at *7. The Alabama Supreme Court further concluded that "[a]ny dissatisfaction with the consequences of the plain meaning of § 8-9A-8(d) is a matter for the legislature." *Id.*

In its opinion below, the bankruptcy court failed to address the appellants' argument regarding §8-9A-8(d). Following the Alabama Supreme Court's interpretation, however, the appellants are subject to an offset of liability so long as the appellants qualify as good faith transferees.[1] The appellee recognizes as much in his Post-Hearing Memorandum (Doc. 12-3). The bankruptcy court thus erred in failing to address the issue of whether the Alabama Fraudulent Transfer Act mandates an offset against the appellants' liability.

Based on the foregoing discussion, it is hereby ORDERED that

The bankruptcy court's May 30, 2006 Judgment is REVERSED, and the case is

---

[1] It should be noted that the appellee does not concede that the appellants qualify as "good faith transferees." The bankruptcy court did not address this issue below. This issue, however, is pertinent as to whether the offset applies. The court believes that the bankruptcy court, as the finder of fact in this case, is the appropriate venue for such a determination. Accordingly, the bankruptcy court should address this issue on remand.

REMANDED to the bankruptcy court for further proceedings consistent with this Order.

Done this 8th day of August, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATED DISTRICT JUDGE